Matter of Presida v Health Quest Sys., Inc. (2019 NY Slip Op 05740)





Matter of Presida v Health Quest Sys., Inc.


2019 NY Slip Op 05740


Decided on July 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: July 18, 2019

527380

[*1]In the Matter of the Claime of OPRAH PRESIDA, Claimant,
v
HEALTH QUEST SYSTEMS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 28, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Walsh and Hacker, Albany (Glenn D. Chase of counsel), for appellants.
Letitia James, Attorney General, New York City (Nina M. Sas of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from a decision of the Workers' Compensation Board, filed January 22, 2018, which ruled that the employer and its workers' compensation carrier failed to comply with 12 NYCRR 300.13 (b) and denied review of a decision by the Workers' Compensation Law Judge.
Claimant suffered a work-related injury to her right knee and her claim for workers' compensation benefits was established. In July 2017, a Workers' Compensation Law Judge amended the claim to include a causally-related injury to the lower back and authorized a total knee replacement of the right knee. In August 2017, the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) filed an application with the Workers' Compensation Board seeking review of the Workers' Compensation Law Judge's decision. The Board denied the application, finding it defective because it was not properly filled out pursuant to 12 NYCRR 300.13 (b) (1). The carrier appeals.
The carrier argues that the Board's denial of its application for Board review was arbitrary and capricious. We disagree. Pursuant to the Board's regulations, an application for Board review "shall be in the format as prescribed by the Chair [of the Board]" and where, as here, the appellant is not an unrepresented claimant, the form "must be filled out completely by the appellant" (12 NYCRR 300.13 [b] [1]). Form RB-89 has been designated as the proper form for applications for Board review (see Workers' Comp Bd Release Subject No.
046-878). The Chair of the Board issued Subject No. 046-940 advising parties seeking Board review that the directive in 12 NYCRR 300.13 (b) (1) — that applications be "filled out completely" — means that "each section or item . . . is completed in its entirety pursuant to the instructions for each form" (Workers' Comp Bd Release Subject No. 046-940). As relevant here, [*2]Subject No. 046-940 further explains that form RB-89 "is not 'filled out completely' when a party responds to sections or items on the form merely by referring to the attached legal brief or other documentation without further explanation." Finally, in bold and all capital letters, and citing to 12 NYCRR 300.13 (b) (4) (i), Subject No. 046-940 cautions that, "As of May 26, 2017 any application for review by a party other than an unrepresented claimant that is not filled out completely will be denied" (see Employer: Willow Press/Stabbe Senter Pre, 2019 WL 1314228, *2, 2019 NY Wrk Comp LEXIS 2977, *5 [WCB No. G152 6573, Mar. 19, 2019]; Employer: All American School Bus Corp., 2019 WL 496431, *2, 2019 NY Wrk Comp LEXIS 1246, *3 [WCB No. G206 1848, Feb. 1, 2019]).
The record reflects that the carrier's August 2017 application for Board review was not filled out completely. Under question number 13, which asks the applicant to list the primary documents upon which the application is based — specifically the hearing dates, transcripts, documents, exhibits, as well as any other evidence — the carrier merely states, "Please see the Board [Electronic Case File] and citations to Board document identification per the attached correspondence." Inasmuch as the carrier's response to question number 13 was a reference to see the Board's electronic case file and other documentation attached to the application, and the Board may deny an application for Board review where a party, other than an unrepresented claimant, fails to comply with prescribed completion requirements (see 12 NYCRR 300.13 [b] [4]), we find that the Board did not abuse its discretion in denying the carrier's application for Board review (see Matter of Waufle v Chittenden, 167 AD3d 1135, 1136 [2018]).
Lynch, Clark, Devine and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.